UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JACK JAKUPS. | No. 3:21-cr-00216 (VAB) |

**RULING AND ORDER ON MOTION TO WITHDRAW GUILTY PLEA**

On December 7, 2021, the Government secured an Indictment charging Mr. Jakups with unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, ECF No. 8 ("Indictment"). At his arraignment before Magistrate Judge Vatti, Mr. Jakups pleaded not guilty. Min. Entry, ECF No. 14 ("Arraignment").

On November 14, 2022, Mr. Jakups appeared before Judge Meyer to enter a change of plea. Min. Entry, ECF No. 24 ("Plea Hrg."). In accordance with a written plea agreement filed with the Court, Mr. Jakups pleaded guilty to Count One, which charged him with unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). *See* Plea Agreement, ECF No. 25 ("Plea").

On September 21, 2023, Mr. Jakups filed a motion to withdraw his guilty plea. Mot. to Withdraw Guilty Plea, ECF No. 60 ("Mot.").

For the following reasons, Mr. Jakups's motion to withdraw his guilty plea is **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On December 7, 2021, a grand jury returned an Indictment charging Mr. Jakups with unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment.

On January 4, 2022, Mr. Jakups pleaded not guilty and jury selection was set for March 3, 2022. Arraignment.

On January 28, 2022, September 27, 2022, and October 24, 2022, Judge Meyer continued jury selection, citing the representations of defense counsel concerning the time reasonably needed for the defense of this matter. Scheduling Order, ECF No. 17; Order, ECF No. 20; Order, ECF No. 22.

On November 14, 2022, Judge Meyer held a change of plea hearing and Mr. Jakups pleaded guilty to unlawful possession of a firearm and ammunition by a felon. Plea Hrg.

On April 5, 2023, this case was transferred to this Court for all further proceedings. Order of Transfer, ECF No. 34.

On September 21, 2023, Mr. Jakups filed a motion to withdraw his guilty plea. Mot.; Mem. in Supp. of Mot. to Withdraw Guilty Plea, ECF No. 60-1 ("Mem.").

On September 27, 2023, the Government filed its opposition to the motion to withdraw. Mem. in Opp'n to Mot. to Withdraw, ECF No. 337 ("Opp'n").

On November 2, 2023, the Court *sua sponte* continued Mr. Jakups's sentencing to allow for a resolution to this motion. Order, ECF No. 62.

II.     **STANDARD OF REVIEW**

Under Rule 11 of the Federal Rules of Criminal Procedure, a criminal defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[A] defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (internal quotation

marks omitted).

"A defendant has no automatic entitlement to have such a motion granted, for society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (internal quotation marks omitted). Accordingly, "[t]he fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *Gonzalez*, 970 F.2d at 1100.

When determining whether the defendant has presented a "fair and just reason" for withdrawal under Rule 11, the Court considers the following factors: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004). Courts also "consider whether the defendant 'has raised a significant question about the voluntariness of the original plea.'" *United States v. Albarran*, 943 F.3d 106, 117 (2d Cir. 2019) (quoting *Schmidt*, 373 F.3d at 103).

### III. DISCUSSION

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the United States Supreme Court rejected the approach then used to analyze Second Amendment challenges, means-end scrutiny, and held that: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government

3

must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 19–24.

Mr. Jakups argues that his guilty plea should be withdrawn because 18 U.S.C. § 922(g)(1),[1] the statute under which Mr. Jakups pleaded guilty, is unconstitutional following the decision in *Bruen*. *See generally* Mem.

In response, the Government argues that "Section 922(g)(1) remains viable after the Supreme Court's decision in *Bruen*." Opp'n at 1. In the Government's view, "Second Circuit precedent has upheld felon in possession bans," *id.* at 2, "[b]ut even if the Court were to find that such precedent was undercut subsequently by the Supreme Court, Section 922(g)(1) is constitutional following the framework set forth in *Bruen* . . . ." *Id.*

The Court agrees.[2]

In *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam), the Second Circuit "join[ed] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." *Id*. at 281–82 (In doing so, the Second Circuit stated that even in "the recent Supreme Court opinions developing a more expansive interpretation" of the Second Amendment, the Supreme Court emphasized that those recent developments "should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" *Id*. at 281 (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010)).

---

[1] Section 922(g)(1) provides: "It shall be unlawful for any person--who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."
[2] While the Court's foregoing legal analysis does not address all of the analysis undertaken by the Government, the Government's thorough and well-reasoned review of this issue has been very helpful, and its alternative ground for denying the relief sought by Mr. Jakups, namely its analysis of the constitutionality of § 922(g)(1) under the *Bruen* framework, has been adopted *sub silentio*.

"Although the Second Circuit's decision in *Bogle* preceded the Supreme Court's decision in *Bruen*, numerous courts have concluded that the *Bruen* did not abrogate or overrule *Bogle*." *United States v. Lane*, No. 5:22-CR-132, 2023 WL 5614798, at *6 (D. Vt. Aug. 24, 2023) (collecting cases).

First, in *Bogle*, the Second Circuit did not engage in the means-end analysis that was overturned by *Bruen*. *See United States v. Golston*, No. 23-CR-362 (AT), 2024 WL 149603, at *5 (S.D.N.Y. Jan. 12, 2024) ("*Bogle* did not employ the 'means-end' test for scrutinizing gun regulations that *Bruen* specifically overturned. Therefore, *Bogle* remains binding precedent, and Section 922(g)(1) remains constitutional." (citation omitted)); *United States v. Fayton*, No. 1:23-CR-00001 (JLR), 2023 WL 8275924, at *4 (S.D.N.Y. Nov. 30, 2023) ("Significantly, *Bogle* did not employ the means-end scrutiny disapproved by *Bruen*. This is in contrast to other circuits that did rely on means-end scrutiny in their pre-*Bruen* decisions upholding the constitutionality of Section 922(g)(1).").

Second, in *Bogle*, the Second Circuit directly relied on *Heller* and *McDonald* and their assurances of the constitutionality of "long standing prohibitions on the possession of firearms by felons." *Bogle*, 717 F. 3d 281. Neither *Heller* nor *McDonald* were disturbed by the Supreme Court's decision in *Bruen*. Indeed, *Bruen* reaffirmed both cases and the principle "that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 597 U.S. at 8–9; *see also United States v. Craft*, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *3 (S.D.N.Y. Sept. 25, 2023) ("*Bogle* remains controlling precedent in this Circuit, given that it relied on *Heller* and *McDonald*, cases that were later reaffirmed by *Bruen*."); *United States v. Barnes*, No. 22-CR-43 (JPO), 2023 WL 2268129, at *1 (S.D.N.Y. Feb. 28, 2023) ("Throughout the *Bruen* opinion, the Court made clear

5

that the concept of self-defense framed in *Heller*, *McDonald*, and *Bruen* applies to 'ordinary, law-abiding citizens.' . . . For its part, the Second Circuit has upheld § 922(g)(1) in light of *Heller* and *McDonald*. Because *Bruen* did not disturb either of those two precedents, the Second Circuit's holding in *Bogle* continues to govern this issue." (citing *Bogle*, 717 F.3d at 281–82)). Thus, *Bruen* did not abrogate *Bogle*. *See, e.g., Fayton*, 2023 WL 8275924, at *5 ("[N]othing in *Bruen* is conflicting, incompatible, or inconsistent with anything in *Bogle*.").

Because Mr. Jakups "continues to accept responsibility for the conduct underlying his guilty plea," Mem. at 1, and because the Court finds that *Bogle* remains binding, there is no basis upon which Mr. Jakups may withdraw his guilty plea. *See United States v. Gonzalez*, No. 1:23-CR-18 (MKV), 2024 WL 96517, at *5 (S.D.N.Y. Jan. 9, 2024) ("[T]he Court cannot say 'that the Second Circuit or the Supreme Court is all but certain to overrule' *Bogle* in light of *Bruen*. Every court in this District that has considered whether *Bogle* survives *Bruen* has reached the same conclusion. Accordingly, *Bogle*'s holding remains binding upon this Court. Section 922(g)(1) is constitutional on its face." (citations omitted) (quoting *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004))); *United States v. Chisholm*, No. 23-CR-200 (NSR), 2024 WL 196711, at *3 (S.D.N.Y. Jan. 18, 2024) ("Since the Second Circuit has yet to overturn *Bogle* and "absent proof that *Bruen sub silentio* overruled *Bogle*[ ]," this Court is bound by its holding." (quoting *United States v. D'Angelo*, No. 23-CR-327 (PGG), 2023 WL 9056404, at *4 (S.D.N.Y. Dec. 31, 2023))).

Accordingly, the Court will deny Mr. Jakups's motion to withdraw his guilty plea.

### IV.   CONCLUSION

For the foregoing reasons, Mr. Jakups's motion to withdraw his guilty plea is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 31st day of January, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE